NO. 07-09-0364-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 22, 2010

DANIEL FELIPE PEREZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 222nd DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-08H-141; HONORABLE ROLAND D. SAUL, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Daniel Felipe Perez challenges his conviction of capital murder by contending the evidence is legally and factually insufficient to support it. We disagree and affirm the conviction.

The standards by which we determine the sufficiency of the evidence are discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006), to which we refer the parties for explanation. Appellant was convicted of knowingly causing the death of his

girlfriend's seventeen-month-old daughter by striking her head. *See* TEX. PENAL CODE ANN. §19.03(a)(8) (Vernon Supp. 2009). Appellant contends the evidence does not show that he knowingly killed the child. A person acts knowingly with respect to the result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.* §6.03(b) (Vernon 2003).

Proof of intent usually depends on circumstantial evidence and may be determined from the acts, words, and conduct of the accused. *Patrick v. State,* 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). Intent may also be inferred from the extent of the injuries, the method used to inflict the injuries, and the relative size and strength of the parties. *Id.; Martin v. State,* 246 S.W.3d 246, 263 (Tex. App.–Houston [14th Dist.] 2007, no pet.).

The record before us contains the following evidence: 1) appellant was caring for the child while her mother was at work and was the only adult in the residence, 2) the child had apparently thrown up and was whining and crying, 3) appellant claimed in a written statement that he stood her on the dresser while attempting to put on her nightshirt, jerked down on the shirt, and caused her to fall and slam her head on the corner of the dresser, 4) appellant stated the child was not breathing but he did not call for help or take the child to the hospital, 5) appellant laid the child on her side in her crib with her back to the room, re-arranged the furniture in the bedroom, took his own children to his mother's house, and gave a credit card to his son so the boy could obtain cash, 6) appellant told the child's mother nothing about the incident when she came home from work although he appeared upset to the mother, 7) the next morning when the child's mother discovered the child was dead, appellant attempted to slash his

2

wrists, 8) appellant told inconsistent stories to police and later to the child's mother as to how the incident happened, 9) the child sustained two skull fractures to her head, one on the right side and one on the back, 10) the cause of death was blunt force trauma which required a relative concentration of force, 11) there was a significant injury to the back of the skull which is the area that controls respiration and heartbeat, 12) retinal hemorrhages indicate a shaking component to the injury and they are not usually caused by accidental injury, 13) one fall could not have caused all of the child's injuries, 14) there were indications that the head was banged into some object several times, and 15) appellant stated that he knew he had killed the child, that he was sorry, that he did not mean to do it, and that he "screwed up." This evidence, if believed by the jury, was sufficient for it to conclude beyond a reasonable doubt that appellant knew that his actions were reasonably certain to cause death. *See Duren v. State,* 87 S.W.3d 719, 726 (Tex. App.–Texarkana 2002, no pet.) (the extent of the injuries and the force necessary to inflict them, the conclusion they could not have occurred by a trivial fall at home, the defendant's inconsistent stories, and the disparity in strength and size between the victim and the accused supported the inference that he knew his conduct was reasonably certain to cause death).

Conversely, there was no evidence of any previous abuse of the victim by appellant, and appellant's expert witness testified that the child's injuries were consistent with a fall and the story appellant gave in his written statement to police. The expert also criticized the autopsy that had been peformed. Yet, the jury was free to reject or discredit this evidence and to resolve any conflicts it created. Moreover, that

3

resolution is not so against the weight of the evidence as to undermine our confidence in the verdict.

Accordingly, appellant's issues are overruled and the judgment is affirmed.


Per Curiam

Do not publish.